UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CANNON,

        Petitioner,        No. 15-cv-11975

vs.        Hon. Gerald E. Rosen

DUNCAN MACLAREN,

        Respondent.
_____/

<u>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT</u>

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on March 04, 2016

        PRESENT:  Honorable Gerald E. Rosen
                         United States District Judge

Petitioner Michael Cannon was convicted by a Wayne County jury of Felony Firearms and First Degree Murder - Premeditated, and is currently serving a life sentence at the Kinross Correctional Facility.[1] On June 1, 2015, Cannon filed a petition for writ of habeas corpus which the Court summarily dismissed, without prejudice, on June 22, 2015. Presently before the Court is Petitioner's Motion for Relief from Judgment. In this Motion Petitioner raises the same issues he raised in his habeas corpus petition. Specifically, Petitioner argues that the state trial court was without jurisdiction due to the

---

[1] This information was obtained from the MDOC's Offender Tracking Information Service ("OTIS"), www.mdocweb.state.mi.us.

1

failure of the state magistrate to provide him with counsel at his initial arraignment and therefore, the judgment of conviction entered by the court is void. Therefore, he asks the Court to order his immediate release from custody.

Petitioner is not entitled to the relief he requests. As the Court stated in is Opinion and Order dismissing the petition for a writ of habeas corpus, Petitioner has not demonstrated that he has exhausted his state court remedies.

As the Court explained in its June 22, 2015 Opinion and Order, the doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845,. A Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court before seeking habeas review in federal court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner neither alleges nor establishes that he has sought any review of his convictions or his sentences and current incarceration in the Michigan appellate courts. Therefore, there is no basis for granting Petitioner relief from the judgment dismissing his habeas case, without prejudice.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the matter should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner is not entitled to relief from the judgment summarily dismissing his petition without prejudice due to Petitioner's failure to exhaust his state remedies. Therefore, the Court will a certificate of appealability.

For the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment **[Dkt. #6]** is DENIED.

3

It is further ORDERED that a certificate of appealability is DENIED. Leave to appeal *in forma pauperis* also is DENIED.

                                          s/Gerald E. Rosen
                                          United States District Judge

Dated: March 4, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2016, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5135